[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I
The plaintiff, East Hartford Housing Authority has brought this action for possession for nonpayment of rent in the sum of $118.00 for the month of April, 2000. The defendant, Aisha Dorsey lives with her four children in publicly assisted housing pursuant to a lease agreement dated February 11, 2000. The defendant has admitted that the April rental payment was not timely made and indeed, not tendered, until some time between May 16 to May 18, 2000. The defendant's tender to the plaintiffs attorney was refused, since it was made after the fifteenth day of May — a violation of the plaintiffs rental policy. The plaintiff would only allow acceptance of use and occupancy and perhaps reinstatement[1] if a tender was made after service of the notice to quit but before the fifteenth day of the month.
The sole issue before this court is whether equitable relief should be granted to the defendant as set forth in her special defense. The defendant testified that the April rent as well as the then due May use and occupancy was tendered and refused mid-May. She testified that she CT Page 12140 had been hospitalized for necessary and serious medical treatment, and, that her brother took her directly to the plaintiffs lawyer's office — not home — upon her release from the hospital.
The defendant testified that she is now currently employed as a teaching assistant and introduced an exhibit revealing her hours worked at a child care facility. She testified that she could presently pay all the present arrearage but for $55.89; she could pay that balance together with the attorneys fees and costs of $280.00 by September 21, 2000.
 II
In Fellows v. Martin, 217 Conn. 57, 584 A.2d 458 (1991), our Supreme Court affirmed that equitable defenses are available in summary process actions. The court noted that:
 Equity abhors . . . a forfeiture. It is well settled that equity will relieve against the forfeiture of a lease for non-payment of rent. This ancient principle allows relief because "[i]n reason, in conscience, in natural equity, there is no ground to say because a man has stipulated for a penalty in case of his omission to do a particular act (the real object of the parties being the performance of the act), that if he omits to do the act he shall suffer an enormous loss wholly disproportionate to the injury to the other party." The "penalty" is the forfeiture of the leasehold, imposed for "omission to do a particular act," that is, to pay rent; if the payment may be secured without a forfeiture, equity will not permit a forfeiture.
217 Conn. at 65. (Internal citations omitted).
The two part test articulated therein is: (1) whether, in the absence of equitable relief, one party will suffer a loss wholly disproportionate to the injury to the other party; and (2) whether the injury to the other party is reparable. Id., 217 Conn. 66 (internal citations omitted).
This court finds that the defendant has prevailed on her special defense. First, there is no question that the parties, while under this February lease, have maintained a relationship of landlord and tenant for much longer — the evidence indicates at least some 2-1/2 years. The defendant, a single mother with four children and formerly on public assistance, now has employment as an assistant teacher working about four to five hours each day. She testified that the reason she fell behind in CT Page 12141 her rent was because she had lent her April rent funds to her mother but was not repaid[2] Further, she testified of her attempts to repay immediately upon release from the hospital as well as in court on the day of trial. It hardly needs to be said that the defendant's personal and financial position is such that this housing, provided by a governmental agency pursuant to federal law, is clearly of the utmost importance to her. The plaintiff, on the other hand, only relies on its policy which prohibits reinstatement. Indeed this court has heard testimony in other cases that, in certain circumstances, the plaintiff deviates from this policy — as apparently it has over many years. See East HartfordHousing Authority vs. Parker, judicial district of Hartford-New Britain at Hartford, Superior Court Housing Session, Docket No. SPH 9111-63027, Housing Session No. 976 (August 7, 1992, Holzberg, J.). As Judge Holzberg noted therein: "Because the Authority itself occasionally deviates from its own policy, the court is not persuaded that its decision in this case will adversely affect the legitimacy of that policy or undermine in any respect the Authority's financial obligations." This court finds that the defendant's loss of her home is clearly disproportionate to the late payment of rent.
The second test is whether the injury to the plaintiff is reparable and this Court finds that as the injury can be remedied by money; see,Fellows v. Martin, supra 217 Conn. 69, and as the defendant has continually offered to pay her arrearage, that she has met this burden as well. The essence of this equitable doctrine is that forfeiture will not lie if payment may be secured. Accordingly, this court finds that equitable relief should be granted for the defendant. The defendant is hereby ordered to tender $800.00 to the plaintiff within two days of receipt of this decision and the remaining balance of $335.89 by September 22, 2000.
Berger, J.